**H. D. Fulmer, Trading as Fulmer & Company, Defendant in Error, v. J. H. Chaney and E. L. Archibald, Plaintiffs in Error.**

**Gen. No. 17,272.**

1. · CONTRACTS—*instructions as to extra work.* In an action for extra work and material furnished where the evidence is conflicting whether it was furnished as under the original contract or a special agreement by which extra pay was to be given, defendant is entitled to an instruction that no recovery can be had if the work was performed as under the original contract to make it comply therewith.

Fulmer v. Chaney et al., 179 Ill. App. 48.

2. CONTRACTS—*instruction as to extra work*. An instruction is erroneous, poorly worded, and calculated to mislead where it designates defendants as plaintiffs in an action for extra work and material furnished and states that if the extra work was not done under any arrangement by which it was to be paid for, but was done correcting the defective work which was under a former contract, the finding should be for plaintiffs for the portion done under such circumstances.

3. APPEALS AND ERRORS—*judgment cannot be affirmed on theory that jury guessed at meaning of improper instructions*. A judgment cannot be affirmed on the theory that the jury, though improperly instructed, may have properly guessed at the court's meaning and rendered the right verdict.

4. EVIDENCE—*when cross-examination of plaintiff improperly excluded*. In an action for extra work and material furnished in repairing floors which bulged up, it is error to exclude cross-examination of plaintiff as to the cause of the bulging and whether there were ingredients in his material which would damage the concrete under it, where he testified in chief that his original contract was properly and completely performed and that faulty concrete caused the injury.

5. VERDICT—*when excessive*. Where there is no proof of an item in the claim in an action for extra work, a verdict which includes such item is excessive.

6. MUNICIPAL COURT—*when striking of statement in set-off discretionary*. It is discretionary with the trial court to strike from the files a statement in set-off or recoupment because not sworn to under the court rules before the trial was begun.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed April 30, 1913.

JOHN A. BLOOMINGSTON, for plaintiffs in error.

M. A. BAMBOROUGH, for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

H. D. Fulmer sued J. H. Chaney and E. L. Archibald, plaintiffs in error, in an action of the fourth class in the Municipal Court, and recovered a verdict and judgment in his favor for $483. The items relied

on for recovery in the statement of claim by defendant in error are for extra work and material itemized as follows:

for relaying 600 sq. ft. of flooring on the balconies, $114.00; for patching floors, $143.00; for relaying toilet floor, $49.40; for 3,740 lbs. filler used @ 5c, $187.00.

The evidence disclosed that defendant in error had on November 3, 1909, entered into a written contract with plaintiffs in error, contractors, to furnish materials and lay his asbestos, plastic flooring one-half inch thick in the Home Building for Aged and Disabled Railroad Employes, to be built at Highland Park, Illinois, according to plans and specifications furnished by the architect, at the price of $1,821.06, and with a written guaranty that the work and materials would be of the very best. Defendant in error contended in the lower court, and contends here, that he performed the original contract to lay the floors in said building in accordance with the terms of the contract and that he was paid in full therefor by plaintiffs in error; that the extra work and materials for which this suit was brought were furnished by him to plaintiffs in error in the relaying and patching of said floors under new and special contracts with him that they would pay him for the same, and that they have not paid for the same as agreed. Plaintiffs in error admit that they paid defendant in error in full the contract price of the original contract, but deny that the contract was performed as agreed, and insisted in the lower court, and insist in this court, that all of the relaying and patching floors and furnishing materials for the same was necessitated by faulty construction under the original contract, and that the same, except the filler for the kitchen, were furnished by defendant in error to make good his original contract and guaranty and that they do not owe him anything therefor, except a small amount for the filler for about twenty square feet of

the kitchen floor. Both parties introduced evidence supporting their respective claims, and the evidence was therefore in conflict.

Plaintiffs in error were entitled to have the jury instructed upon their theory of the case, in substance, that if the jury believed from the evidence that the defendant in error relaid and patched the floors in question, or any portion thereof, as work under his original contract, and to make his work comply with the terms of said original contract, and not under a special contract by which he was to be paid extra for the same, that then as to such portion of the work so performed the defendant in error would not be entitled to recover in this suit. Only three instructions were given by the court, all being oral instructions given by the court of its own motion under the Municipal Court Act. The first was given for the defendant in error upon his theory of the case and in which he was designated as "plaintiffs." The third was an instruction as to the burden of proof simply, and the second instruction, probably intended as an instruction for plaintiffs in error, is in the following words:

"If you find that they did the work in question and it was not done under any arrangement, or any portion of it was not done under any arrangement, by which it was to be paid for, but it was simply done correcting the work which was defective and imperfect, which was under a former contract, then you should find in favor of the plaintiffs, if such portion of the work as you find was done under such circumstances."

It was a clerical error in the court, no doubt, in using the word "plaintiffs," instead of the word defendants, but nevertheless the instruction was erroneous in the particular named and was a very poorly worded instruction in other respects. and was calculated to mislead the jury. In the other instructions the plaintiffs in error are referred to as the "defendant."

The questions to be tried were simple and easy, and the court should have taken the time and the pains to have made the instructions plain, simple and accurate. We dislike very much to reverse judgments in simple cases like this, but we can not affirm any judgment upon the theory that the jury, although improperly instructed, may have properly guessed at the court's meaning and rendered the right verdict. The court also erred in ruling that the defendant in error could not be cross-examined by plaintiffs in error as to the cause of the original floors bulging up, and not being in proper condition, and, also, in refusing to allow him to be cross-examined as to whether or not there were any ingredients in his flooring material that would injure or damage the concrete under the same. Defendant in error had been allowed to state in his examination in chief that he had performed his original contract properly and completely, and had stated that it was faulty or bad concrete that had caused the floors to bulge. Plaintiffs in error had the right then without making him their witness to cross-examine him on those matters and to prove by him, if they could, that his work or his material was responsible for the bad floors in question.

There was no proof whatever of the third item in defendant in error's statement of claim as above given and the verdict, therefore, was excessive. We think this case ought to be retried with permission to plaintiffs in error to refile their claim of set-off, if they desire to do so. We hold, however, that it was discretionary with the trial court to strike the statement in set-off or recoupment from the files, because not sworn to under the rules of the court before the trial was begun.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*